UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BLOOD BROTHERS ARMORY LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-CV-931-JD |
| | ) |
| LYCURGAN, INC. d/b/a ARES ARMOR, | ) |
| | ) |
| Defendant. | ) |

OPINION and ORDER

This lawsuit ("the 931 case") is duplicative of another lawsuit, 3:13-cv-1331-JD ("the 1331 case").

By way of history, in the 1331 case, Lycurgan, a California-based firearm parts retailer, brought suit against Indiana-based defendants: Blood Brothers Armory LLC, a manufacturer and supplier of gun components, in particular AR-15 lower receivers; Richard Rood, Blood Brothers' sole member; Vision Armory LLC, an affiliate of Blood Brothers Armory; and, Michiana Investments II LLC,[1] the owner of the membership interests of Vision Armory. The 1331 case was originally filed by Lycurgan on August 26, 2013 in the Superior Court of California. Before Lycurgan served the defendants, Blood Brothers filed the 931 case in this district against Lycurgan on September 5, 2013.

In the meantime, the 1331 case was removed to the U.S. District Court for the S.D. of

---

[1] Michiana Investments II LLC was named a defendant in the amended complaint [case 1331, DE 38].

California based on diversity jurisdiction.[2] On October 24, 2013, the Indiana-based defendants filed a motion seeking to dismiss the California case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the case for improper venue under 28 U.S.C. § 1406(a) or for convenience under 28 U.S.C. § 1404(a).  On November 15, 2013, Lycurgan objected to the motion in a twenty-five page substantive response arguing that a venue change was barred by the removal statute of § 1441(a); defendants were subject to personal jurisdiction in California; defendants' *forum non conveniens* argument failed; and, the "first to file" rule required the action be maintained in California since the lawsuit was not filed in anticipation of litigation, with bad faith, or in an effort to forum-shop.  On December 2, 2013, U.S. District Judge Jeffrey T. Miller rejected Lycurgan's arguments by determining that although venue was proper in California, a convenience transfer to this district was appropriate [*see*, Southern District of California, case number 3:13-cv-02504-JM-NLS, DE 10].

As a result, both case 931 and case 1331 currently pend before the undersigned.  A comparison of the operative pleadings[3] shows that the two cases are based on the exact same underlying facts and contractual dispute between the same parties[4]—with the 1331 case encompassing all of the claims raised to date.  Specifically, Lycurgan's claims pend only in the 1331 case.  And relative to Blood Brothers' claims, the only substantive difference between its

---

[2] The named limited liability companies are Indiana companies with members that are only citizens of Indiana [case 1331, DE 49 at 75-76].  Therefore, diversity jurisdiction has been established.

[3] *Compare* DE 9 in case 931 *with* DE 49 in case 1331.

[4] Lycurgan and Blood Brothers entered into a contract for the purchase of certain gun components.  Lycurgan argues (among other things) that Blood Brothers breached the contract by tendering non-conforming goods.  Blood Brothers alleges (among other things) that Lycurgan breached the contract by not honoring its promise that Blood Brothers would be its exclusive supplier of gun components and by wrongfully rejecting and not paying for the goods tendered by Blood Brothers.

pleadings is that the counterclaims in the 1331 case also involve Blood Brothers' co-defendants [*see* DE 49 at 75-76] and two additional counts for abuse of process and defamation (based on post-September 2013 conduct) [*see* DE 49 at 99-106].

Currently pending before the court in the instant 931 case, is Lycurgan's October 31, 2013 motion to dismiss, stay, or transfer. In its briefs [DE 17, DE 18, DE 24], Lycurgan repeated arguments which have since been rejected by Judge Jeffrey T. Miller when he transferred Lycurgan's 1331 case to Indiana. Ultimately, Lycurgan contested venue in Indiana and lost the battle. *See, e.g., Adams v. City of Indianapolis,* 742 F.3d 720, 736 (7th Cir. 2014) (issue preclusion applies to prevent relitigation of the same issue resolved in an earlier suit where the issue was essential to the final judgment and the party affected by estoppel was fully represented in the prior action) (citations omitted). Because the underlying basis for Lycurgan's motion to dismiss, stay, or transfer either no longer exist or have been decided, its request is DENIED AS MOOT [DE 17].

With two cases now pending before the undersigned which are duplicative, it would appear that the later filed and less inclusive '931 case ought to be terminated where its dismissal will not adversely affect any litigant's interests. Accordingly, Blood Brothers is ORDERED TO SHOW CAUSE why this action should not be dismissed as duplicative of case 3:13-cv-1331. Blood Brothers has until October 3, 2014 to respond to this order, and any response and reply briefs may be filed within the time frames specified by the local rules. Lycurgan need not file its answer to the amended complaint in the 931 case until the court resolves this show cause order.

SO ORDERED.

ENTERED: September 2, 2014

                                                     /s/ JON E. DEGUILIO
                                                   Judge
                                                   United States District Court